[720 NYS2d 363]

In the Matter of Anthony J. Briguglio, an Attorney, Respondent. Grievance Committee for the Ninth Judicial District, Petitioner.

Second Department, January 29, 2001

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains (*Antonia Cipollone* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Anthony J. Briguglio has submitted an affidavit, dated November 15, 2000, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9).

Mr. Briguglio avers that his resignation is voluntary and free from coercion and duress. He is fully aware of the implications of its submission, including the fact that he is barred by Judiciary Law § 90 (5) (b) and the Court rules from seeking reinstatement for at least seven years.

Mr. Briguglio is aware that he is the subject of a disciplinary proceeding authorized by the Court based upon a *sua sponte* complaint initiated against him pursuant to the dishonored check reporting rules (22 NYCRR 1300.1).

The Grievance Committee's investigation reveals that Mr. Briguglio failed to properly administer an escrow account and failed to properly safeguard funds entrusted to him as fiduciary.

Mr. Briguglio acknowledges that he has been served with a petition alleging, *inter alia,* that he breached his fiduciary duty by: (1) disbursing funds from his attorney trust account in excess of those on deposit for particular clients; (2) disbursing funds in certain matters when there were no corresponding funds on deposit for those matters; (3) failing to maintain the balance required on behalf of particular clients; and (4) failing to promptly disburse fees as earned. Mr. Briguglio acknowledges that he could not successfully defend himself on the merits against such charges.

Mr. Briguglio is aware that the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied, or to reimburse the Lawyer's Fund for Client Protection. He is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition to such an order.

The Grievance Committee supports the acceptance of the respondent's resignation as in the best interest of the public.

As the proffered resignation comports with all appropriate Court rules, it is accepted, and the respondent is disbarred,

and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

BRACKEN, ACTING P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the resignation of Anthony J. Briguglio is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony J. Briguglio is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Anthony J. Briguglio shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Anthony J. Briguglio is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.